*Bates*, for plff. in error.
*Ridgely*, for defts. in error.

———◆———

### JAMES BOOTH'S Ex'r. *vs.* JOHN STOCKTON'S Ex'r.

Construction of the term "settlement under the hand of the party" in the Act of Limitations of 1793.
What "mutual and running accounts" are not barred by the statute.

WRIT of error to the Supreme Court, in and for Newcastle county.

*Johns, Jr., Chancellor*, did not sit on account of his connexion with the respondent.

This was an action of assumpsit brought by James Booth, now deceased, against John Stockton, also deceased. The declaration contained the usual counts, and also a count on the following instrument of writing. "We mutually promise to settle the subsisting accounts and claims between us, and to pay the balance that may be due upon such settlement. Nov. 5, 1807. *(Signed)* James Booth, John Stockton." The deft. pleaded non-assumpsit, &c., *and the Act of Limitations.* The plff. replied generally, and took issue. On the trial, the jury found for the deft. under the charge of the court, upon the plea of the Act of Limitations.

Mr. *Bayard*, for plff. in error.

The material questions are, 1st. Was this action barred by limitation? We have declared on this written agreement and mutual promise, which is in our view a promissory note, at least so far as regards limitation. It is true, the amount is to be ascertained on a settlement, but this does not affect the case. The distinction is between an uncertain amount, and an unliquidated amount. The latter is good as a promissory note. Before our late act of assembly. there was no limitation to a promissory note. The act don't bar in an action on the case against a sheriff for money levied, &c., because the action is founded on a record: don't bar in an action of debt: and there is no difference whether you declare in case or in debt upon the record. Any agreement under hand takes the case out of the act. This was the only object of the agreement signed by Mr. Booth and Mr. Stockton.

Second. This paper is an acknowledgment of an open and mutual account, and comes within the exception of merchants' accounts; which, according to the decisions, embraces any running and mutual accounts between persons not merchants. *Peake N. P.* 121; 3 *Bac. Ab.* 508; *Bull. N. P.* 149, 150.

Mr. *Frame,* for respondent.

There is no count except the first that has any pretension to being founded on this agreement. They are the usual counts for money had and received, &c., and, with regard to them, the effect of this writing can be nothing more than a common acknowledgment, to take a case out of the Act of Limitations. But the invariable rule is, that this acknowledgment must be within three years before suit brought, *i. e.,* within the time at which the statute would run, whether that be three or six years. The promise is not relied on as a cause of action, but only as sufficient to stop the running of the stat. and it must be within the period of limitation. (Admitted by Mr. *Bayard. )* This instrument was dated in 1807, and the action brought in 1827—twenty years, less seven days. The case in *3d Bacon* was an action of debt on a record, which the statute expressly excepts. In the action of debt the record must be set out. But the statute may be pleaded in assumpsit even for the same claim. The act of assembly speaks of actions *founded* on promissory notes, &c. where the note is the foundation of the action; and not as in assumpsit where the general liability is the foundation, and the writing merely evidence. *Bal. on Lim.* 30, 83.

Second. Are these mutual open and running accounts to prevent the statute from running. I don't controvert the doctrine that this exception extends to others than merchants; but it only applies to open and running accounts, and accounts running too on both sides up to some period within three years of the commencement of the suit. 6 *T. Rep.* 189. In this case there are no items within nineteen years.

This agreement is not within the saving clause of our act. It is not a *settlement,* nor is it a *promissory note.* The requisites of a promissory note are 1st. that it must be payable at all events and not on a contingency; and secondly, that it must be for the payment of money only. *Chitty on Bills,* 55, 58. This writing is not for the payment of any certain sum, nor certainly for the payment of any sum; and it is for the doing of another act, a settlement, which cannot even be enforced. It is therefore contingent and executory. Executory agreements are always within the statute.

With regard to the first count. It is said to be founded on this agreement. The first branch of this agreement is to settle accounts; the second, to pay any sum which may be found due. Now the first branch is undoubtedly an executory contract, and nothing in the nature of a promissory note, and this is the only part of the agreement declared on in the first count, for the breach there assigned is, that Stockton never did or would *settle;* and the failure to pay a sum of money that he had promised to pay on *settlement* could not be the *foundation* of an action in which the breach assigned is, that there never was a settlement.

Third. As to the broad question, whether a promissory note was not barred by our Acts of Limitation, even before the passage of the late act, which expressly bars them. The question has been treated as settled; and I would not revive it but for its extreme clearness. It depends solely upon the principle, that if a statute which repeals another be itself repealed, it operates as a revival of the first law.        1

*Blac. Com.* 90; 12 *Co. R.* 7; 1 *Del. L.* 229; *Id.* 525, 2 *vol.* 1031; *Id.* 1133. If this be law, the decision which is *said* to have been made by our Court of Appeals, and which was made without argument or much consideration, is certainly erroneous.

*Bayard,* in reply.

I understand the case in *Ball.* on *Lim.*, differently. In debt, the act cannot be pleaded; in case the act may be pleaded, but it is no bar if the plff. reply matter not within the statute. The objection that this instrument is not declared on is too late. No such objection was made below, and the paper was given in evidence. There is a promise to settle and to pay; the averment is of a refusal to settle and that a sum was due; thence arises an implied assumpsit, for which the action is sustainable. The count is strictly on the agreement averring facts sufficient to sustain the action.

The question whether the Act of Limitations would bar a promissory note is not open. It has been long since decided by the Court of Appeals, and acted on as the law.

There is no contingency to vitiate this note; it is merely an unascertained amount; at all events, it is an agreement within the equity of the statute. A promissory note to pay out of a particular fund is not a *negociable* note, but it is not barred by the statute; and on the equity of the statute any agreement or promise in writing to pay money, though not strictly a promissory note, is not barred by limitations.

CLAYTON *Ch. Jus. of the Superior Court,* delivered the following opinion of this Court:

"This is an action of assumpsit brought by James Booth, dec'd., against John Stockton, dec'd. The first count in the declaration is upon the following promise in writing: "We mutually promise to settle the subsisting accounts and claims between us, and to pay the balance that may be due upon such settlement. Nov. 5, 1807. *(Signed)* James Booth, John Stockton." The other counts are the common counts for work and labor, &c. To this declaration the deft. pleaded the stat. limitation and the plff. replied generally. The suit was brought 29th Oct. 1827. This general replication was proper enough to all the counts but the first, but if it was intended to rely upon the objection to the plea of the stat. lim. that this was one of the exceptions out of the statute, or in other words, that the stat. was no bar to a suit upon this written promise, the plff. should not have replied to the plea to this count; but, if he intended to raise the question of law, he ought to have demurred. By replying he joined issue upon a mere question of fact; the deft. insisting on the one hand that he had not promised within three years, and the plff. affirming that he had. No advantage was taken of this in the argument either in the court below or here; and we are willing to decide the case upon the grounds upon which it was placed in argument before us.

We shall not attempt to shake the authority of the case of *Williams* vs. *Prichard's adm'r.*, decided in the late High Court of Errors and Appeals, in which it was determined that we have no stat. of limitations in this State extending to promissory notes, or settlements under the hands of the parties; and, altho' that decision may not have been entirely satisfactory to the bar, yet we consider

it not so indefensible as to call upon us, were we of a different opinion, to over-rule it if the case were again before us.   But that case, or one like it, is not before us.   The present is clearly distinguishable from that.   No one can seriously think that the instrument declared on here is either a promissory note, or a settlement under the hand of the party.  ' It has no one quality of a promissory note; it is not a settlement under the hand of the party, as we understand those terms.   It is a mere engagement to settle.   It is declared on and treated as such by the plff.   The breach assigned is for not settling. It is not for not paying a balance found due on settlement.   It is not pretended that a settlement had taken place between the parties so as to authorize a suit upon this engagement for the non-payment of the balance found due.

We confess that we cannot see the policy at this time of day of placing promissory notes, or any other engagements in writing for the payment of money, upon a different footing, as it regards the limitation of suits, from bonds and bills obligatory.   They are equally free from all danger arising from the loss of the evidence of payment; for no prudent man would discharge a bond, or other engagement in writing for the payment of money, without getting possession of the evidence of his indebtedness; and thus, being in possession of that evidence, it is in his power to cancel it or to do with it as he pleases.   It is no longer in the possession of his adversary to found a suit upon; and, therefore, one may be as safely left to the legal presumption of payment after a lapse of twenty years as the other.   But when you come to apply this reasoning to every written acknowledgment of a subsisting antecedent debt, it would clearly be within the mischiefs intended to be obviated by the statutes of limitations.   We will take the case before us as an illustration of our reasoning.   Suppose that soon after the date of this writing Mr. Booth and Mr. Stockton had come to a settlement of all their accounts and one of them had been found indebted to the other; and suppose him to discharge the balance; what would have been the conduct of the parties in relation to the matter? He against whom the balance was found due, upon paying it, would have taken a receipt upon the accounts as settled.   But would he ever have thought of asking for this written promise to settle? We apprehend not; and he never would have dreamed that he would be liable to a suit on it for twenty years afterwards.   Or, to state a case which must be of almost daily occurrence.   A merchant draws off his account and sends it to his customer for payment; the latter receives it and writes a letter saying that he has received the account, that it is not then convenient to pay it, but that he will do so in a short time.   In a few days he goes and discharges the account and takes a receipt upon it.   No one under these circumstances would think of asking for the letter to be delivered up, or that it might be evidence in future against him.   Yet if the principle contended for in this case be correct the merchant at any time afterwards, within twenty years, when his customer might be dead, his receipt lost or mislaid, and no one remaining acquainted with the circumstance and capable of explaining it, might bring his action, produce his books and exhibit this written acknowledgment of the debt, and what would prevent his recovery?

The case before us is certainly not within the letter of the exception to the statute, for it is neither a promissory note nor a settlement under the hand of the party; nor is it within the equity of the exception, that is, within the policy and scope of the law. We would not confine ourselves strictly within the letter of the statute, but any case coming clearly within its spirit might be recognized as one not barred. The rule which we would lay down would be this: any engagement in writing for the payment of money which of itself would be the foundation of an action without needing proof *aliunde* to support it, would be an exception to the operation of the statute; but wherever such proof is needed; wherever you must support your action by oral proof, it is as much within the mischief designed to be remedied by the act as if the whole case depended on oral testimony and no writing existed. We are not disposed to comprehend within this rule any written engagements for the performance or nonperformance of acts collateral to the payment of money, because such cases would evidently fall within the same mischief.

The only operation of a written acknowledgment of an antecedent debt is, for the time, like any other acknowledgment, to take the case out of the statute; but the operation of the statute again immediately commences and will be a bar in three years.

With regard to the other ground taken by the plff's. counsel, that this is the case of mutual and running accounts between the parties, we admit that this writing does prove that there were such mutual and running accounts between the parties at the time; and we acknowledge that mutual and running accounts are not barred by the stat. so long as they continue open and current. In this case the parties had no dealings or transactions between them after the 5th of Nov. 1807; there is no item of account occurring after that time; it was therefore no longer an open or current account, and is barred after the lapse of three years.

We are therefore all of opinion that the judgment below ought to be affirmed.

Judgment affirmed.